IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01914-BNB

AZFAR J. ANWAR,

    Plaintiff,

v.

DEPARTMENT OF REVENUE, COLORADO DIVISION OF MOTOR VEHICLES, and JOYCE GOODE-JOHNSON,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

    Plaintiff, Azfar J. Anwar, currently resides in Lakewood, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint pursuant to 29 U.S.C. § 3001, and 42 U.S.C. §§ 12101, 12131, 12201(b), (d), and (f), and 12203(a) and (b).

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the following reasons, the Court will direct Plaintiff to file an Amended Prisoner Complaint.

    Plaintiff states the background of his case is that

> [t]he Colorado Department of Revenue[ ] has intimate
> knowledge of physical injury with Colorado Division of Motor
> Vehicles, based on verifying physician information for
> parking sign of handicap accommodation. Plaintiff alleges
> personal involvement in decision to refuse, as also under
> racial profiling defendant(s) are contractually required to

comply.

In the claims section of the Complaint form, rather than identify claims, Plaintiff sets forth six paragraphs. Each of the paragraphs are identified with one of the six federal statutes Plaintiff lists in the jurisdiction section of the form. Finally, Plaintiff requests the following relief:

> All Colorado State issued or negatively altered by state issue to reflect assistive technology complete affordance(s). Monetary compensation to reflect rightful negative data of judgement owed portion for bank levy and paycheck garnishment. CBI order to remove current and also retroactive now illegal life hindrance data, against non-felon housing & bear arms.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The allegations in each of the six paragraphs for the most part are prolix and unintelligible.  A careful review, however, of the allegations indicates Plaintiff is attempting to challenge a denial of his driver's license in violation of the Americans with Disabilities Act (ADA).  Plaintiff claims in a conclusory and vague manner throughout each of the six paragraphs that the denial is discriminatory and retaliatory, but he does not assert how he is disabled, why the license was denied, and what specifically someone did to discriminate and retaliate against him in violation of the ADA.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint that complies with the above directives, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court shall proceed to review the merits of the claims as stated in the Complaint filed on July 9, 2014.

DATED July 10, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge